# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2018

Lyle W. Cayce
Clerk

No. 18-50219
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO ZAVALA-DELGADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-375-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Gustavo Zavala-Delgado appeals the 30-month guidelines sentence and 3-year term of supervised release imposed following his guilty plea conviction for illegal reentry. He argues that his sentence enhancement under 8 U.S.C. § 1326(b)(1) is unconstitutional because it exceeded the statutory maximum sentence of § 1326(a) charged in the indictment. He concedes that the issue whether a sentencing enhancement under § 1326(b) must be alleged in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50219

indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).   However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.   This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.   *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).   Thus, Zavala-Delgado's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.